# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| RICHARD ALBERT HERNANDEZ | § | |
| | § | A-17-CV-373 LY |
| V. | § | (A-09-CR-513(1) LY) |
| | § | |
| UNITED STATES OF AMERICA | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court is Richard Albert Hernandez's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on April 25, 2017 (Dkt. No. 43). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

On October 20, 2009, Movant Richard Albert Hernandez ("Hernandez") was charged in a one-count indictment with possession with intent to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B). Dkt. No. 1. On November 18, 2009, the United States gave Hernandez written notice of its intent to use his prior felony drug conviction to enhance his sentence, pursuant to 21 U.S.C. § 851. Dkt. No. 12. On January 13, 2010, Hernandez entered a plea of guilty to the one-count indictment pursuant to a plea agreement. On March 8, 2010, the District Court sentenced Movant to a 120-month term of imprisonment, followed by an eight-year term of supervised release, a $100 mandatory assessment fee and an order of forfeiture. *See* Judgment and Commitment Order (Dkt. No. 36). Hernandez did not file a direct appeal of his conviction and sentence.

In this motion, Hernandez argues that his sentence enhancement under 21 U.S.C. § 851 was erroneous because his prior convictions do not qualify as predicate offenses under the sentencing guidelines, relying on the Supreme Court's decision in *Mathis v. United States*, 136 S.Ct. 2243 (2016), and the Fifth Circuit's subsequent opinions in *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017).

## II. ANALYSIS

**A.    The AEDPA's Time Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations period for filing a § 2255 motion in federal court. 28 U.S.C. § 2255(f). A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. *Id.* at § 2255(f)(1). As noted above, the District Court sentenced Hernandez and entered its Judgment on March 8, 2010. When a defendant does not file a direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S.Ct. 1282 (2013). Accordingly, Hernandez's conviction became final on March 22, 2010. *See* FED. R. APP. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment). Because Hernandez did not file this motion until April 24, 2017, his petition is clearly untimely under § 2255(f)(1), unless it falls within an exception to the tolling rules for 2255 petitions.

Hernandez relies on the Supreme Court's decision in *Mathis v. United States*, in an attempt to overcome the one-year limitations period in § 2255(f)(1). Hinkle's reliance on *Mathis* suggests he is arguing that the one-year limitations period should not run from the date his conviction became

2

final, but instead should run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). However, Hernandez's reliance on § 2255(f)(3) is misplaced. *Mathis* held that, for the purpose of determining whether an offense qualifies as an ACCA predicate, the court takes a modified categorical approach, looking to the statutory elements of the offense rather than to the means of commission. 136 S. Ct. at 2257. As numerous courts in this Circuit have noted, "*Mathis* did not set forth a new rule of constitutional law that has been made retroactive to cases on collateral review." *Lopez v. United States,* 2017 WL 1284946 at * 2 (W.D. Tex. April 5, 2017) (J. Sparks) (quoting *Milan v. United States*, 2017 WL 535599, at *2 (N.D. Tex. Jan. 18, 2017)). *See also*, *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (denying authorization to file a successive § 2255 motion because the defendant failed to make the requisite showing that *Mathis* created "new rules of constitutional law that have been made retroactive to cases on collateral review."). Because the Supreme Court has not made *Mathis* retroactively applicable to cases on collateral review, § 2255(f)(3) is not applicable, and Hernandez's one year limitations period commenced on the date his conviction became final.

Hernandez's reliance on *Hinkle v. United States*, 832 F.3d 569 (5th Cir. 2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017) does not overcome this problem. As Judge Sparks recently noted, "[t]hese cases did not write new law, nor do they constitute retroactively applicable Supreme Court decisions." *Lopez*, 2017 WL 1284946 at * 3. Accordingly, Hernandez's § 2255 Motion is time-barred under 2255(f)(1).

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DISMISS** Kenneth Hernandez's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 43) as time-barred.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Movant's § 2255 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 16th day of May, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE